# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2013

No. 12-60736
Summary Calendar

Lyle W. Cayce
Clerk

BENJAMIN ASFAW, also known as Benjamin Bekele Asfaw,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 896 716

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Benjamin Asfaw, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the Immigration Judge's denying his motion to reopen. Asfaw contends his active participation in an opposition political party while living in the United States, and changed conditions in Ethiopia regarding its government's intensified targeting and repression of opposition political groups, entitles him to a new removal proceeding.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard", *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005), and will be affirmed "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach", *id.* at 304 (internal quotations marks and citation omitted).

An alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Asfaw's motion to reopen, filed more than four years after the BIA's decision, was untimely. A motion to reopen is not barred by this timing requirement, however, if the alien's request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding". § 1229a(c)(7)(C)(ii); *see also* § 1003.2(c)(3)(ii). To determine whether there has been a material change in country conditions, the evidence of such conditions submitted with the motion is compared to those existing at the time of the merits hearing. *E.g.*, *Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005). An alien must also show *prima facie* eligibility for relief from removal. *INS v. Abudu*, 485 U.S. 94, 104 (1988).

Asfaw asserts the evidence filed in support of his motion to reopen shows conditions in Ethiopia have deteriorated since his initial hearing, and its government has more intensively sought to detain, prosecute, and abuse opposition political groups by, *inter alia*, passing an antiterrorism law that is being used as a pretext to limit political dissent. Given the Ethopian political climate, Asfaw also asserts his political activism in the United States, and the resulting detention and questioning of his sister by police in Ethiopia, supports his contending that his active membership in an opposition political party would cause him to be targeted if he returned.

Asfaw's evidence, which shows the ruling government of Ethiopia historically has intimidated, kidnapped, abused, arbitrarily detained, harassed, and committed violence against opposition political groups, does not establish a material change in Ethiopian country conditions since his initial merits hearing. He fails to show the conditions at the time of his motion to reopen were not a continuation of the government's efforts to restrict political dissent, and the antiterrorism law was not simply a new instance of efforts to stifle political opposition. Finally, his political activities in the United States and the related detention and interrogation of his sister in Ethiopia reflect a change in personal circumstances, not in country conditions. *Zhao,* 440 F.3d at 407.

Because the BIA did not abuse its discretion by ruling Asfaw failed to establish changed country conditions, we need not consider whether he established *prima facie* eligibility for relief from removal.

DENIED.